404 February 19, 2026 No. 138

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. M. I. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

D. M. I. H.,
*Respondent,*

*v.*

T. M. D.,
*Appellant.*

Josephine County Circuit Court
22JU01138; A187367

Sarah E. McGlaughlin, Judge.

Submitted January 22, 2026.

Aron Perez-Selsky filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Jentry Lanza, Assistant Attorney General, filed the brief for respondent Department of Human Services.

George W. Kelly filed the brief for respondent D. M. I. H.

Before Tookey, Presiding Judge, Egan, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

In this juvenile dependency case, mother appeals a judgment establishing a permanent guardianship over her child, D, who was nearly three years old at the time of the contested guardianship hearing.[1] In one assignment of error, she challenges the trial court's determination that she was unfit and the court's establishment of the guardianship on those grounds. We affirm.

In juvenile dependency cases, we have discretion to "try the cause anew upon the record or make one or more factual findings anew upon the record," ORS 19.415(3)(b), and we exercise that discretionary *de novo* review "only in exceptional cases." ORAP 5.40(8)(c). Neither party requests *de novo* review, and we decline to do so.

> "Where, as here, [the Oregon Department of Human Services (ODHS)] must prove its case by clear and convincing evidence, our task is to review the sufficiency of the evidence by viewing the evidence in the light most favorable to the trial court's disposition to determine whether any rational trier of fact, accepting reasonable inferences and credibility choices, could have determined that clear and convincing evidence supported the findings and disposition reached by the trial court."

*Dept. of Human Services v. D. W. M.*, 346 Or App 827, 832, ___ P3d ___ (2026) (internal brackets, quotation marks, and citation omitted).

A court may grant a petition for permanent guardianship "only if it finds that it is in the best interest of the ward that the parents *never* have physical custody of the ward," *Dept. of Human Services v. T. M. D.*, 365 Or 143, 164, 442 P3d 1100 (2019) (emphasis in original), and if "[t]he grounds cited in the petition are true," ORS 419B.365 (4)(a). The grounds for granting a permanent guardianship are the same as the grounds for terminating parental rights. ORS 419B.365(2); *accord Dept. of Human Services v. M. H.*, 306 Or App 150, 164, 473 P3d 1152 (2020) ("[A] permanent guardianship is permissible only if the juvenile court finds that the grounds for termination of parental rights are met

---

[1] D has no legal father.

\*\*\*."). The petitioner, usually and in this case, ODHS, bears the burden of proof. *T. M. D.*, 365 Or at 163. That burden includes proving at least one statutory ground for termination contained in ORS 419B.502 to 419B.508. In this case, ODHS alleged that mother was unfit pursuant to ORS 419B.504, which provides in relevant part:

> "The rights of the parent \*\*\* may be terminated \*\*\* if the court finds that the parent \*\*\* [is] unfit by reason of conduct or condition seriously detrimental to the child \*\*\* and integration of the child \*\*\* into the home of the parent \*\*\* is improbable within a reasonable time due to conduct or conditions not likely to change."

To properly conclude that a parent is unfit under that legal standard, the court must determine, by clear and convincing evidence, that the parent is currently engaged in some conduct or characterized by some condition that is "seriously detrimental" to the child, and if that is so, the court must determine that the child cannot be reintegrated into the parent's home within a reasonable time because the conduct or conditions are unlikely to change. ORS 419B.504; *State ex rel SOSCF v. Stillman*, 333 Or 135, 144-46, 36 P3d 490 (2001). In evaluating whether a child can be reintegrated within a reasonable time, the court must "evaluate the relative probability that, given particular parental conduct or conditions," the child can be reintegrated into the parental home within "a period of time that is reasonable given [the] child's emotional and developmental needs and ability to form and maintain lasting attachments." *Stillman*, 333 Or at 145; ORS 419A.004(26) (providing the statutory definition for "reasonable time").

In this case, as relevant to mother, the juvenile court asserted dependency jurisdiction over D based on mother's substance abuse, residential instability, and mental health problems and her inability or unwillingness to meet D's high need for structure. Despite addressing her substance abuse problem and establishing stable housing, the court determined that ODHS had proven that after almost three years of services in this case, mother was still experiencing significant mental health symptoms, which she had failed to adequately address. The juvenile court determined that "it

is improbable that [mother's] conduct and conditions would change within a reasonable amount of time." It reasoned that D had developmental deficits that he would be unable to overcome if his current placement was disrupted.

Additionally, the court found that "[mother] is unlikely to engage in the mental health treatment necessary to allow her to become a safe and competent caregiver of [D], and therefore it is improbable that she will make sufficient progress in the near future." Mother argues the court erred in doing so because her successful change regarding the other issues and her participation in some mental health therapy showed that she was capable of making progress which could enable D to return to her care. The record contains evidence that mother's attendance at visits and services had been inconsistent. She was offered the best service for her conditions, dialectical behavior therapy (DBT), but declined to work with one DBT provider and had not enrolled in DBT services with any other providers.

Having reviewed the evidentiary record, we conclude that the evidence was legally sufficient to support the juvenile court's determinations. The evidence shows that various evaluators and providers had discussed with mother, over a nine-year period, that she would need DBT to address her mental health. One psychologist, who evaluated mother on two occasions, opined that mother would need more than one full year of engagement with DBT before positive changes would be realized. The trial court continued the guardianship hearing multiple times over the course of a year, but mother did not utilize those opportunities to begin DBT or another intensive mental health treatment program, even though she had been ordered to do so numerous times over the court of roughly two years preceding the guardianship hearing. We affirm.

Affirmed.